```
            UNITED STATES DISTRICT COURT
         FOR THE SOUTHERN DISTRICT OF OHIO
               WESTERN DIVISION AT DAYTON
```

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | : Case No.: 3:18CR119TMR |
| | : |
| **Plaintiff,** | : **SENTENCING MEMORANDUM** |
| | : |
| vs. | : |
| | : |
| **ROSHAWN WINBURN,** | : |
| | : |
| **Defendant.** | : |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney's Office for the Southern District of Ohio, hereby files the attached sentencing memorandum.  This brief is based upon the attached memorandum of points and authorities, the files and records in this case, and any further evidence or argument as may be presented at this defendant's sentencing hearing.

DATED: July 24, 2020          Respectfully submitted,

                              DAVID M. DEVILLERS
                              UNITED STATES ATTORNEY

                              s/Brent G. Tabacchi
                              BRENT G. TABACCHI (6276029 IL)
                              Assistant United States Attorneys
                              Attorneys for Plaintiff
                              602 Federal Building
                              200 West Second Street
                              Dayton, OH   45402
                              Telephone: (937) 225-2910
                              Fax: (937) 225-2564

**SENTENCING MEMORANDUM**

**I.**

**INTRODUCTION**

Defendant Roshawn Winburn abused his position as a public employee. Through his job with the City of Dayton, he had access to internal, restricted information concerning forthcoming government contracts. In exchange for a cash bribe, Mr. Winburn disclosed portions of this confidential information to a purported bidder and, in doing so, knowingly provided that business with a competitive advantage in the contracting process. Although Mr. Winburn – like most defendants who engage in this type of conduct – lacks any criminal history, the seriousness of his offense, the need to ensure respect for the law, and the requirement to promote general deterrence warrants imposition of a meaningful period of incarceration upon this defendant.

**II.**

**ARGUMENT**

Like the advisory Sentencing Guidelines,[1] the section 3553(a) factors support a term of imprisonment upon this defendant. His crime was serious. Bribes – whether merely

---

[1] The Guidelines prescribe an advisory sentencing range of 12 to 18 months of imprisonment.

1

solicited or actually accepted – are "fatally destructive to good government" in multiple ways. *United States v. Kim*, 738 F. Supp. 1002, 1004 (E.D. Va. 1990). Through this illegal activity, a public employee denies the people for whom he truly works – namely, the citizens of the city, community or state where he serves – of their intrinsic right to have their government contract with the best companies for a particular project, not those who can merely buy access. When public employees attempt to skew the bidding process for personal gain, it deprives legitimate, hardworking business owners of a level playing field in their efforts to obtain lucrative contracts. This type of conduct also harms the government entity for whom the individual works, eroding public trust in other public servants and casting doubt on its efforts to faithfully discharge its obligations to its citizens. To this end, "[b]ribery . . . in most cities of the United States is considered a serious crime." *United States v. Balzano*, 916 F.2d 1273, 1298 (7th Cir. 1990).

Nor was Mr. Winburn's conduct isolated to a single cash payment. He lied to the Federal Bureau of Investigation. When agents asked whether he performed certain checks required to verify as a disadvantaged business an application that he processed, he falsely claimed that he had. (*See* PSR ¶ 24). Notably, this applicant was connected to the business from whom

2

Mr. Winburn accepted improper cash benefits that he now attempts to largely characterize as legitimate consulting fees. These activities (and, in the view of the United States, minimization of his actions) compound the seriousness of Mr. Winburn's conduct.

In this vein, Mr. Winburn's statements to the Probation Office provide the United States pause. Prior to the events of this case, Mr. Winburn admittedly had no criminal history. He had extensive experience in the financial world and engaged in legitimate, honest work. These facts suggest that he poses minimal danger of reoffending and represents little need for specific deterrence. Yet, he largely equates *his* repeated requests for "envelopes" – his code word for a cash bribe, not that of the company from whom he accepted them – to mere haphazard business practices. While superficially acknowledging that it was improper to accept cash in return for disclosure of confidential information, Mr. Winburn leaves the distinct impression that the business from whom he accepted the bribe, not he, lies at the true heart of his crime. His seeming equivocation should provide considerable reservation as to whether he will tread this same path again.

Even giving Mr. Winburn every benefit of the doubt that he will not reoffend, the need for general deterrence warrants some disposition other than a probationary sentence. *See, e.g.,*

3

*United States v. Morgan*, 635 Fed. Appx. 423, 450 (10th Cir. 2015) ("non-custodial sentence" would fail to generally "deter public officials from soliciting bribes"). As Mr. Winburn notes, he has (and will continue to) experience collateral consequences of his actions; but as the Sixth Circuit repeatedly has counseled, such considerations, including "a defendant's humiliation before his community, neighbors, and friends", rarely, if ever, prove a significant mitigating factor against imposition of a custodial sentence. *See, e.g.*, *United States v. Peppel*, 707 F.3d 627, 637 (6th Cir. 2013) (rejecting defendant's argument that de minimis custodial sentence required due to "negative publicity [that he suffered] as a result of the proceedings"). If the consequences of a custodial sentence are eliminated for an official who engaged in corruption, "the deterrent effect is proportionately minimized." *Morgan*, 635 Fed. Appx. at 450. "Sentencing corrupt office holders to a colloquial slap on the wrist" will "over time exacerbate an endemic cycle of corruption." *Sorenson*, 233 F. Supp. 3d at 699. In short, without meaningful consequences when an official breaches the trust placed in him, "the public's trust is no more than blind trust." *Morgan*, 635 Fed. Appx. at 450.

## III.

## CONCLUSION

While Mr. Winburn is not an arch-criminal, the serious nature of his conduct and the need for general deterrents warrant a meaningful period of incarceration for his conduct.

**CERTIFICATE OF SERVICE**

    I hereby certify that a copy of the foregoing was served on defendant's counsel this 24th day of July 2020 via the Court's ECF System.

                                    s/Brent G. Tabacchi
                                    BRENT G. TABACCHI
                                    Assistant United States Attorney