IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CASE NO. 3:18-CR-0119 |
| Plaintiff, | : | (Judge Thomas M. Rose) |
| v. | : | |
| ROSHAWN WINBURN | : | DEFENDANT'S SENTENCING MEMORANDUM |
| Defendant. | : | |

Lead us not into temptation. The indelible image which emerges from the investigation file on this case is a surreptitious video of the Government's chief witness placing hundred dollar bills, one-by-one, into an envelope. The video continues with a view of Mr. Winburn entering the room and having a discussion with the Government's witness. The conversation and the video conclude with Mr. Winburn accepting the envelope. Why did he do it?

This is not a case presenting a defense of entrapment. The only individual who entrapped Mr. Winburn was himself. He is painfully aware of the song *It's Nobody's Fault But Mine*. Everything in Mr. Winburn's background – his bringing up by his parents, his education, his past crime-free conduct, his pursuit of upward mobility in his society and career path, his previous pattern of work ethic and responsibility – would have been expected to have the video end with his rejection of the envelope.

Was his crime committed out of greed? The facts suggest a different explanation. The desire for a handful of dollars simply does not fit the pattern of his life or the pattern of his personality. The better explanation has to be misplaced pride and ambition. Mr. Winburn was an

intelligent, highly motivated African-American man who wanted to succeed in the business world in which he found himself. We submit that such a motivation at a critical moment in his life experience pulled him loose from the moral moorings that should have led him to reject the envelope. The resulting crime has fractured his self-image and has left him consumed with remorse, regret and both public and private humiliation. The psychological punishment thus sustained has left him grasping to restore the dignity, self-respect and integrity that should have been the continuing hallmark of his background, training, and work experience.

Mr. Winburn has been reported in the media as one of four cases that have come before this Court. Each of those cases presents its own unique individual defendant and its own unique set of circumstances. One case involved a public figure who previously convicted of criminal conduct. A plea of guilty to mail fraud and aiding and abetting the indictment resulted in a six-month sentence. This case represents Mr. Winburn's first encounter with the criminal justice system. The second case involved an elected public official of the City of Dayton who was also the top executive of a prominent local bank. His plea of guilty to theft or bribery concerning a program receiving federal funds resulted in a twelve-month sentence that became a six-month confinement because of early release. Mr. Winburn was only a City employee in an unrelated and readily distinguishable net of circumstance. The remaining case is presently set for trial in November. It does not involve any claims related to Mr. Winburn's case.

The Sentencing Guidelines in this case compute to a Level 13. Because Mr. Winburn has not previous record of convicted of a crime, this Guideline level would compute to a sentence of 12 to 18 months. We respectfully submit that, pursuant to the factors outlined in 18 U.S.C. § 3553, a sentence of probation is sufficient, but not greater than necessary to comply with the purposes of sentencing.

Mr. Winburn was born and raised in Dayton, Ohio by his parents. He had a good childhood, and he maintains a close relationship with his parents and sister. In 1992, he was graduated from high school. In 1997, he obtained a Bachelor of Science Degree in Financial Services. In 2009, he obtained a Master of Business Administration Degree in Management, Innovation and Change. He is currently married and has a twenty-year-old daughter from a previous marriage. He also has two stepdaughters and a stepson. Between 2015 and 2018, he worked for the City of Dayton in various positions with the Human Relations Counsel to ensure equality of treatment and opportunity to all of Dayton's residents. That employment terminated because of the conduct in this case. He is currently teaching Entrepreneurship classes for the Community Action Partnership, and has been receiving unemployment benefits.

Mr. Winburn is 46 years old. He has had no issues with illegal drugs or alcohol. However, he does suffer from anxiety for which he has taken prescribed medication. He also suffers from several medical issues for which he has taken prescribed medication and is under a doctor's care. These problems include a history of Type 2 Diabetes Mellitus, elevated liver enzymes, and Gastrointestinal Reflux Disease. The current Covid-19 problems in federal penitentiaries are well known and ongoing. Mr. Winburn's health issues enhance the risks he would inevitably encounter if a sentence of incarceration were imposed.

We are submitting to the Court a number of letters which illustrate the applicable § 3553 factors in this case. They confirm that Mr. Winburn has received significant punishment in the form of lost self-esteem, remorse, regret and humiliation as a result of his fall from grace. The risk that he will engage in future criminal conduct is minimal to non-existent, and there is no need of incarceration to protect the public from future crimes. The media attention to his case confirms that probation would be just punishment. His misconduct and the loss of his employment has been

well publicized, and the public respect for the law has been enhanced by knowledge of the ordeal he has already experienced before coming before this Court for sentencing after a plea of guilty.

While the comments of parents and other family members may reflect some understandable bias in favor of Mr. Winburn, those individuals are also the people who know him best. The following letters reflect their perspectives on the Court's consideration of an appropriate sentence:

1. Roland Winburn (father), *Exhibit A*.
2. Iris N. Winburn (mother), *Exhibit B*.
3. Lisa Winburn (wife), *Exhibit C*.
4. Gabriela Torres-Winburn (daughter), *Exhibit D*.
5. Caylin Baker (stepdaughter), *Exhibit E*.
6. Alexandra Torres (stepdaughter), *Exhibit F*.
7. Karma Winburn Rule (sister), *Exhibit G*.
8. Linda Hutchings (aunt), *Exhibit H*.
9. Kathy Benoit (wife's aunt), *Exhibit I*.

While the Court must give consideration and such weight as it deems appropriate to each of these letters, the letter of Mr. Winburn's father particularly encompasses the expressions of high regard and admiration – coupled with disbelief – that Mr. Winburn has received from a wide variety of well-respected and influential people who know the man who will be standing in front of the Bench awaiting the sentence deemed appropriate to his admitted wrongdoing.

Emmett C. Orr, currently retired from more than thirty years at Wright State University, is Mr. Winburn's godfather and has known him since he was "a young child who was studious, quiet, friendly, and motivated to be the best at whatever challenges he faced." *(Exhibit J)*. Ann Riegle Crichton, current Chapter Chair for Dayton SCORE since 2017, has known and worked with Mr.

Winburn for six years, knows and respects his skills and his character, and addresses the price he has already paid for his crime.

> I can assure he has already punished himself mentally and emotionally more than any court in the land for not holding tight to his values, for not protecting his reputation as a business advisor and a family man in the community. He has created internal boundaries for himself and made commitments to avoid even the appearance of wrongdoing in the future. His faith is stronger than ever.

*(Exhibit K)*.

Keith L. Jenkins, president of an organization dedicated to optimizing human performance in the workplace, first worked with Mr. Winburn in 2007 and offers hope for Mr. Winburn's future as a positive contributing member to his community. *(Exhibit L)*. Darlene J. Raker has worked with Mr. Winburn since 2009 in a relationship of trust and respect. She understands the impact his wrongdoing has had on his sense of integrity and self-worth as well as the positive aspects of his character that should restore him to his status as a dedicated and contributing member of society. *(Exhibit M)*. The letters of Cindy Davidson *(Exhibit N)*, Nick Wurst *(Exhibit O)*, Kenya K. Taylor *(Exhibit P)*, Christine and David Mesker *(Exhibit Q)*, and Larry Trimbach *(Exhibit R)* further attest to the character, remorse and positive potential of Mr. Winburn.

Based on the sentencing factors relevant to the Court's consideration of this case, we believe that a sentence of probation is a sentence sufficient, but not greater than necessary, to comply with the purposes of federal sentencing. We urge that this Court impose such a sentence on Mr. Winburn.

Respectfully submitted,

/s/ David C. Greer
David C. Greer (0009090)
/s/ David P. Williamson
David P. Williamson (0032614)
BIESER, GREER & LANDIS, LLP
6 North Main Street, Suite 400
Dayton, OH 45402-1908
PHONE: (937) 223-3277
FAX: (937) 223-6339
E-MAIL: dcg@biesergreer.com
dpw@biesergreer.com

Attorneys for Defendant, RoShawn Winburn

## CERTIFICATE OF SERVICE

I hereby certify that on the __24th__ day of July 2020, I filed the foregoing Sentencing Memorandum of Defendant RoShawn Winburn with the Clerk of the United States District Court for the Southern District of Ohio by way of the CM/ECF system, which will notify all parties of record.

/s/ David C. Greer
DAVID C. GREER (0009090)

4842.219118.\ 804610.1